UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LYLE ORR, <br><br> Plaintiff, <br><br> v. <br><br> TERESA L. JONES, <br><br> Defendant. | CAUSE NO. 1:24-CV-441-JD-AZ |

OPINION AND ORDER

Lyle Orr, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Orr is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] The complaint is not signed in accordance with Federal Rule of Civil Procedure 11(b). It appears this was simply an oversight by Orr, as he signed the in forma pauperis motion accompanying the complaint. In this instance, the court will overlook the deficiency. However, he is reminded that all documents filed with the court must be signed in accordance with Rule 11.

Orr claims that in July or August 2024, Teresa L. Jones, a woman living in Fort Wayne, Indiana, stole his scooter and damaged property in his home. She also allegedly shut his arm in a car door and hit him with a shovel. Based on this incident, he sues Ms. Jones for money damages, and also asks the court to "put her in jail."[2]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017). There is no indication from the complaint that Ms. Jones was acting under color of law at the time of this incident. Instead, this appears to have been a dispute between two private citizens. To the extent he is trying to initiate federal criminal charges against Ms. Jones, he has no authority to do so. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *U.S. v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General.") (citation and internal quotation marks omitted).

Therefore, the complaint does not state a claim for relief. Although it appears unlikely he can state a federal claim based on this incident, "litigants in this circuit are

---

[2] Orr filed a separate lawsuit against a prosecutor who allegedly refused to bring charges based on this incident. *See Orr v. Sigler, et al.*, No. 1:24-CV-419-JD-JEM (N.D. Ind. filed Oct. 7, 2024). He mentions in the present complaint that "the prosecutor won't charge her . . . or do a thing about it." (ECF 1 at 2.) It is considered "malicious" for him to use the in forma pauperis statute to bring lawsuits containing duplicative claims. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). He does not name the prosecutor as a defendant in this case, and the court will presume that he included the allegation about the prosecutor merely as background information.

ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("IFP plaintiffs have the same right as other plaintiffs to amend a timely filed complaint at least once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)[.]"). In the interest of justice, Orr will be afforded an opportunity to file an amended complaint before the case is dismissed, if he believes he can state a plausible constitutional claim based on this incident, consistent with what he has already alleged.

For these reasons, the court:

(1) GRANTS the plaintiff until **November 25, 2024**, to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED on October 24, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT